

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed March 19, 2007                                                                                     **United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FIVE STAR FOODS, INC., | § | |
| | § | CASE NO. 04-44935-RFN-11 |
| Debtor. | § | |
| _____ | §_____ | |
| IN RE: | § | CASE NO. 04-44934-RFN-11 |
| JACK V. JONES, | § | |
| | § | (Jointly Administered under |
| | § | CASE NO. 04-44934-RFN-11) |
| Debtor. | § | |
| | § | Hearing Held: March 8, 2007 |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On March 8, 2007, in Fort Worth, Texas, came on for final consideration the Joint Plan of Liquidation of Five Star Foods, Inc. and Jack V. Jones (as supplemented, the "<u>Plan</u>") (docket no. 313) proposed by Five Star Foods, Inc. ("<u>Five Star</u>") and Jack V. Jones ("<u>Jones</u>").  The Plan is subject to the following supplements and agreements ("<u>Supplements</u>") as follows:

      i.      The Supplement to Five Star Foods, Inc. and Jack V. Jones' Joint Plan of Liquidation filed by the Debtors on June 8, 2006 (docket no. 335);

      ii.      The First Supplement to Five Star Foods, Inc. and Jack V. Jones' Joint Plan of Liquidation filed by the Debtors on September 12, 2006 (docket no. 372);

      iii.      The Agreed Order Resolving Debtors' Objection to Claim of the IRS and IRS' Objection to the Debtors' Joint Plan of Liquidation; and

      iv.      The Agreed Order Resolving Debtors' Objection to Claim of the Texas Comptroller of Public Accounts.

The term "<u>Plan</u>" shall also include the Supplements. Reference is here made to the Plan, as supplemented, for all purposes. Terms used in these Findings of Fact and Conclusions of Law ("<u>Findings</u>') shall be given the same meaning as in the Plan.

ACCORDINGLY, based on the evidence, exhibits and arguments of counsel, the Court having independently considered and reviewed the terms of the Plan, the Court makes the following Findings with respect to the confirmation of the Plan.

## Findings of Fact

**A.**    **<u>Confirmation Hearing</u>**

1. The confirmation hearing relating to the Plan, as then proposed, was initially convened on January 11, 2007 and then recessed. The confirmation hearing was concluded on March 8, 2007.

**B.**    **<u>Objections to the Plan</u>**

2. Six parties filed objections to the Plan. The first objection was filed by the United States and the Internal Revenue Service, (collectively "<u>IRS</u>"), on July 5, 2006 (docket no. 350). Subsequently, the IRS amended its objection on November 9, 2006 (docket no. 375). As discussed below, the IRS' objection to the Plan has been resolved through an agreed order and the IRS has accepted the Plan.

3.  A second objection to the Plan was filed by the Texas Comptroller of Public Accounts ("Comptroller") on July 6, 2006 (docket no. 351). The Comptroller withdrew its objection on January 11, 2007 (docket no. 385) and has accepted the Plan.

4.  A third objection was filed by Fort Worth ISD, Arlington ISD, and the City of Benbrook on July 6, 2006 (docket no. 352). This objection as been resolved and these creditors have accepted the Plan based on the agreement incorporated into paragraph 17 of the Order of Confirmation entered contemporaneously with these Findings. Further, these parties withdrew their objection on March 7, 2007 (docket no. 401).

5.  A fourth objection was filed by U.S. Restaurant Properties, L.P., ("USRP"), on July 6, 2006 (docket no. 354). USRP asserts an administrative claim against Five Star in the amount of $12,170.28 for rent relating to the months of August and September 2004, ("USRP Administrative Claim"), as well as a Five Star Class 6 Unsecured (General) Claim ("USRP Unsecured Claim"). The USRP Administrative Claim and the USRP Unsecured Claim are Allowed Claims and will be paid according to the Plan. Therefore, this objection has been resolved and USRP has accepted the Plan.

6.  A fifth objection was filed by Burger King Corporation, ("BKC"), on July 10, 2006 (docket no. 366). Based on the discussions of counsel and the settlement with BKC discussed herein, this objection has been resolved and BKC has accepted the Plan.

7.  A sixth and final objection was filed by Tarrant County and the City of Fort Worth on August 7, 2006 (docket no. 369). An amended objection was filed on August 7, 2006 (docket no. 370). This objection as been resolved and these creditors have accepted the Plan based on the agreement incorporated into paragraph 17 of the Order of Confirmation entered contemporaneously with these Findings.

**C.** **Background**

8. These bankruptcy cases were filed on May 16, 2004. The cases were jointly administered by an order entered May 24, 2004 (docket no. 14). The Debtors have remained as debtors-in-possession during the course of the cases.

9. The Bar Date for filing Claims by non-governmental Creditors was September 16, 2004.

10. No creditors' committee was ever appointed in these cases.

11. On June 8, 2006, the Court entered an Order approving the Disclosure Statement (as supplemented) and setting other deadlines (docket no. 333). Pursuant to the terms of this Order, confirmation packages consisting of the Disclosure Statement (which included a copy of the Plan) and ballots for voting to accept or reject the Plan were served upon creditors and parties in interest on June 9, 2006.

D. **Voting on the Plan.**

12. The Debtors have filed an Amended Tabulation of Votes, which has also been filed of record with the Court and reflects as follows:

**Five Star Class 1 – MBM Secured Claim**

| | |
|---|---|
| Total Ballots Received | 1 |
| Total Ballots Accepting | 1 |
| Total Dollar Amount Accepting | $63,000 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | 0 |

Class Status:    Accepting

**Five Star Class 2- IRS Trust Fund Claim**

| | |
|---|---|
| The IRS accepts the Plan pursuant to the agreement reached between the Debtors and the IRS set forth herein. | Total Dollar Amount Accepting: $160,585 |

Class Status: Accepting

### Five Star Class 3 – Property Tax Claims

| | |
|---|---|
| Total Ballots Received | 0 |
| Total Ballots Accepting | 0 |
| Total Dollar Amount Accepting | $0 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0 |

Class Status: Accepting[1]

### Five Star Class 4 – Texas State Comptroller's Claim

| | |
|---|---|
| The Comptroller accepts the Plan pursuant to the agreement reached between the Debtors and the Comptroller set forth herein. | Total Dollar Amount Accepting: $155,163.31 |

Class Status: Accepting

### Five Star Class 5 – Other Priority Claims

| | |
|---|---|
| Total Ballots Received | 0 |
| Total Ballots Accepting | 0 |
| Total Dollar Amount Accepting | $0 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0 |

Five Star believes there are no creditors in this class.

Class Status: Non-voting

### Five Star Class 6 – Unsecured (General) Claims

---

[1] The City of Fort Worth, Fort Worth ISD, Tarrant County, Arlington ISD, and the City of Benbrook, (the "Taxing Entities"), the Taxing Entities have agreed to accept the Plan based on the language set forth in paragraph 17 of the Order of Confirmation as indicated by their respective counsels' signature on the Order of Confirmation.

| | |
|---|---|
| Total Ballots Received | 3 |
| Total Ballots Accepting | 2 |
| Total Dollar Amount Accepting | $174,601.42 |
| Total Ballots Rejecting | 1 |
| Total Dollar Amount Rejecting | $1,095.00 |

Class Status:        Accepting

**<u>Five Star Class 7- Subordinated Claims</u>**

| | |
|---|---|
| Total Ballots Received | 0 |
| Total Ballots Accepting | 0 |
| Total Dollar Amount Accepting | $0 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0 |

Class Status:        Non-Voting

**<u>Five Star Class 8 – Equity Interests</u>**

These are unimpaired.

Class Status:        Non-Voting

**<u>Jones Class 1 – Jones Trust Fund Claim</u>**
| | |
|---|---|
| The IRS accepts the Plan pursuant to the agreement reached between the Debtors and the IRS as set forth herein. | $12,500 |

**<u>Jones Class 2 – Jones Texas State Comptroller Claim</u>**
| | |
|---|---|
| The Comptroller accepts the Plan pursuant to the agreement reached between the Debtors and the Comptroller as set forth herein. | $155,163.31 |

Class Status:        Accepting

**Jones Class 3 – Jones Claims Secured by Residential Property**

| | |
|---|---|
| Total Ballots Received | 0 |
| Total Ballots Accepting | 0 |
| Total Dollar Amount Accepting | $0 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0 |

Class Status: Non-Voting

**Jones Class 4 – Jones Other Secured Claims**

| | |
|---|---|
| Total Ballots Received | 0 |
| Total Ballots Accepting | 0 |
| Total Dollar Amount Accepting | $0 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0 |

Jones believes there are no creditors in this class

Class Status: Non-voting

**Jones Class 5 – Claims of Linda Kay Jones**

| | |
|---|---|
| Total Ballots Received | 1 |
| Total Ballots Accepting | 1 |
| Total Dollar Amount Accepting | $75,000 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0 |

Class Status: Accepting

**Jones Class 6 – Claim of USRP**

| | | |
|---|---|---|
| | USRP has accepted the Plan based on the consensual allowance of USRP's administrative claim against Five Star and Five Star Class 6 Claim as set forth herein. | $25,000 |
| Class Status: | Accepting | |

**Jones Class 7 – Estate Tax Claim**

| | |
|---|---|
| Total Ballots Received | 0 |
| Total Ballots Accepting | 0 |
| Total Dollar Amount Accepting | $0 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0 |

Class Status:     Non-voting

**Jones Class 8 – Unsecured (General) Claims**

| | |
|---|---|
| Total Ballots Received | 0 |
| Total Ballots Accepting | 0 |
| Total Dollar Amount Accepting | $0 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0 |

Class Status:     Non-voting

**Jones Class 9 – Jones' Interests**

These are unimpaired.

Class Status:     Non-Voting

### Summary Class Votes

| | |
|---|---|
| Five Star Class 1 | Accepting |
| Five Star Class 2 | Accepting |

| | |
|---|---|
| Five Star Class 3 | Accepting |
| Five Star Class 4 | Accepting |
| Five Star Class 5 | Non-Voting |
| Five Star Class 6 | Accepting |
| Five Star Class 7 | Non-Voting |
| Five Star Class 8 | Non-Voting |
| Jones Class 1 | Accepting |
| Jones Class 2 | Accepting |
| Jones Class 3 | Non-Voting |
| Jones Class 4 | Non-Voting |
| Jones Class 5 | Accepting |
| Jones Class 6 | Accepting |
| Jones Class 7 | Non-Voting |
| Jones Class 8 | Non-Voting |
| Jones Class 9 | Non-Voting |

13. Although the Taxing Entities initially voted as Five Star Class 3 Creditors to reject the Plan, the Taxing Entities have since accepted the Plan based on the agreement set forth in paragraph 17 of the Order of Confirmation and as indicated by their counsels' signature on the Order of Confirmation.

14. The Debtors filed their Objection to the Claim No. 17 of the IRS on May 11, 2006 (docket no.321) and their Amended Objection to Claim No. 17 of the IRS on January 18, 2006 (docket no. 388) (collectively, "<u>Objection to IRS Claim</u>"). The Debtors and the IRS reached an agreement relating to the IRS' Claim. The Debtors filed a Motion to Compromise Controversy with the IRS on February 14, 2007 ("<u>IRS Compromise Motion</u>") (docket no. 395). The Court approved the IRS Compromise Motion and approved the agreement between the Debtors and

Findings of Fact and Conclusions of Law - Page 9

the IRS as set forth in the Agreed Order Resolving Debtors' Objection to Claim of the IRS and IRS' Objection to the Debtors' Joint Plan of Liquidation, which was considered contemporaneously with confirmation of the Plan.

15. The Debtors filed their Objection to the Comptroller's Claim Nos. 3 and 8 on May 11, 2006 (docket no. 320) ("<u>Objection to Comptroller Claim</u>"). The Debtors and the Comptroller reached an agreement relating to the Comptroller's Claims. Such agreement does not affect claim no. 13 filed by the Comptroller against Jones on July 5, 2006, for estate tax liability and the parties agree that claim no. 13 is Allowed. The Debtors filed a Motion to Compromise Controversy with the Comptroller on February 15, 2007 ("<u>Comptroller Compromise Motion</u>" (docket no. 398). The Court approved the Comptroller Compromise Motion and approved the agreement between the Debtors and the Comptroller as set forth in the Agreed Order Resolving Debtors' Objection to Claim of the Texas Comptroller of Public Accounts which was considered contemporaneously with confirmation of the Plan.

16. On August 18, 2004, Linda Kay Jones, ("<u>Ms. Jones</u>"), the former spouse of Jones, filed her Motion for Relief from Stay (docket no. 84) seeking to return to state court to enforce an alimony obligation resulting from Ms. Jones and Jones' divorce. Jones and Ms. Jones reached an agreement relating to the Motion for Relief from Stay and Ms. Jones' Claim. On March 3, 2006, Jones filed a Motion to Approve Compromise of Alimony Claim with Ms. Jones ("<u>Motion to Compromise Alimony Claim</u>") (docket no. 288). The Court approved the Motion to Compromise Alimony Claim concurrent with confirmation of the Plan.

17. On October 5, 2004, the Debtors filed their Objection to Claim No. 8 of Texas Health Resources ("<u>Objection to THR Claim</u>") (docket no. 132). Previously, on September 1, 2004, Five Star commenced an adversary proceeding (Adversary no. 04-4285) against Texas Health Resources ("<u>THR</u>"), based on alleged damages resulting from a lease agreement between Five Star and THR ("<u>Adversary Proceeding</u>"). The Debtors and THR reached an agreement relating to the Objection to THR Claim and the Adversary Proceeding. The Debtors

Findings of Fact and Conclusions of Law - Page 10

and THR filed a Joint Motion for Approval of Settlement on November 11, 2005 (docket no. 275) ("THR Settlement Motion").  The Court approved the THR Settlement Motion and approved the settlement between the Debtors and THR on November 18, 2005, as set forth in the Agreed Order Approving Settlement and For Partial Distribution of Settlement Proceeds (docket no. 281).

18.     On October 12, 2004, BKC filed its Application for Allowance and Payment of Administrative Expense ("BKC Administrative Expense Application") (docket no. 138). The Debtors filed an Objection to the BKC Administrative Expense Application (docket no. 156). The Debtors and BKC reached an agreement relating to the BKC Administrative Expense Application and Claim no. 14 and Claim no. 7 filed by BKC against Five Star and Jones, respectively.  The Debtors filed a Motion to Compromise Controversy with BKC on March 5, 2006 ("BKC Compromise Motion") (docket no. 290).  The Court approved the BKC Compromise Motion on March 9, 2006.

19.     Under the Plan, Five Star's administrative and priority Claims are being paid in full.  To the extent that the Five Star estate has insufficient funds to cover the Five Star administrative and priority Claims, the Jones' estate will contribute sufficient funds to satisfy the Five Star administrative and priority Claims, which includes, but is not limited to, Five Star Class 2, 3 and 4 Claims.  Based on the nature of the Five Star case, the value of the Five Star Assets, and the Claims asserted by administrative and priority claimants, unsecured creditors could receive no distribution from the Five Star estate.  The Five Star Assets were insufficient to provide a source of distribution unsecured creditors of the Five Star estate.

20.     Five Star Class 8 and Jones Class 9 are unimpaired.  Pursuant to section 1126(f) of the Bankruptcy Code,[2] such Classes are unimpaired and are conclusively presumed to have accepted the Plan.

---

[2] Section references herein, unless otherwise specified, are to Title 11 of the U.S. Code, the U.S. Bankruptcy Code.

21. Accordingly, the Court concludes that the Plan has been accepted or rejected by the various Classes as follows:

　　a.　　<u>Five Star Class 1 – MBM Secured Claim</u>. This Class has accepted the Plan;

　　b.　　<u>Five Star Class 2 – IRS Trust Fund Claim</u>. This Class has accepted the Plan based on the settlement with the IRS discussed herein;

　　c.　　<u>Five Star Class 3 – Property Tax Claims</u>. This Class has accepted the Plan based on the language incorporated into the Order of Confirmation.

　　d.　　<u>Five Star Class 4 – Texas State Comptroller's Claim</u>. This Class has accepted the Plan based on the settlement with the Comptroller discussed herein;

　　e.　　<u>Five Star Class 5 – Other Priority Claims</u>. There are no creditors in this Class;

　　f.　　<u>Five Star Class 6 – Unsecured (General Claims)</u>. This Class has accepted the Plan.

　　g.　　<u>Five Star Class 7 – Subordinated Interests</u>. Based on the settlements reached with the IRS and the Comptroller, this Class has accepted the Plan;

　　h.　　<u>Five Star Class 8 – Equity Interests</u>. This Class is unimpaired and is deemed to have accepted the Plan pursuant to section 1126(f);

　　i.　　<u>Jones Class 1 – Jones Trust Fund Claim</u>. Based on the settlement with the IRS discussed herein, this Class has accepted the Plan;

　　j.　　<u>Jones Class 2 – Jones Texas State Comptroller's Claim</u>. Based on the settlement with the Comptroller discussed herein, this Class has accepted the Plan;

　　k.　　<u>Jones Class 3 – Claims Secured by Residential Property</u>. This Class did not vote for or against the Plan.

　　l.　　<u>Jones Class 4 – Other Secured Claims.</u> There are no creditors in this Class;

　　m.　　<u>Jones Class 5 – Claim of Linda Kay Jones</u>. Based on the settlement with Ms. Jones discussed herein, this Class has accepted the Plan;

　　n.　　<u>Jones Class 6 – Claim of USRP</u>. This Class has accepted the Plan;

Findings of Fact and Conclusions of Law - Page 12

  o. <u>Jones Class 7 – Estate Tax Claim</u>. This Class did not vote for or against the Plan;

  p. <u>Jones Class 8 – Unsecured (General) Claims</u>. This Class did not vote for or against the Plan;

  q. <u>Jones Class 9 – Jones' Interests</u>. This Class is unimpaired and is deemed to have accepted the Plan pursuant to section 1126(f).

**E.** **Compliance with Section 1123.**

  22. With respect to the requirements of section 1123:

  a. The Plan designates Classes of Creditors and Interests in compliance with section 1123(a)(1);

  b. The Plan specifies each Class of Claims or Interests that is not impaired in accordance with section 1123(a)(2);

  c. The Plan specifies the treatment of each Class of impaired Claims in accordance with section 1123(a)(3);

  d. The Plan provides the same treatment for each Claim or Interest included in a particular Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such particular Claim or Interest in accordance with section 1123(a)(4);

  e. The Plan provides adequate means for its implementation in compliance with section 1123(a)(5);

  f. The requirements of section 1123(a)(6) do not apply to this case; and

  g. The requirements of section 1123(a)(7) do not apply to this case since the Plan provides for a liquidation of Five Star's assets;

  h. The requirements of section 1123(a)(8) do not apply to this case since the Plan provides for the payment of Jones' creditors from funds on hand in the Jones' estate.

**F.** **Compliance with Section 1129**

  23. With respect to the requirements of section 1129:

  a. The Plan complies with the applicable provisions of Title 11 in compliance with section 1129(a)(1);

  b. The Debtors, as proponents of the Plan, have complied with the applicable provisions of Title 11 in compliance with section 1129(a)(2);

  c. The Plan has been proposed in good faith and not by any means forbidden by law in compliance with section 1129(a)(3);

  d. Any payment made or to be made by the Debtors for services, costs or expenses in or in connection with the Plan or incident to the case, has been approved by, or is subject to approval by, the Court as reasonable in compliance with section 1129(a)(4);

  e. Because these are liquidation cases, section 1129(a)(5)(B) does not apply to these cases;

  f. Because the Debtors are not subject to any governmental or regulatory commissions, the requirements of section 1129(a)(6) are not applicable in this case;

  g. With respect to each impaired Class of Claims or Interests, each such holder of a Claim or Interest has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7 of Title 11 on such date. The Plan complies with section 1129(a)(7);

  h. All impaired Classes have accepted the Plan;

  i. With respect to the requirements of section 1129(a)(9):

   (i) With respect to administrative claims of the type specified in section 507(a)(1) or (a)(2), on the Effective Date of the Plan the holders of such Claims will receive, on account of such Claims, cash equal to the allowed amount of any such Claim;

   (ii) Priority wage claims subject to section 507(a)(3) were paid pursuant to a "First Day" Motion, and which was granted pursuant to an Motion granted May 19, 2004. Consequently, all such priority wage claims have previously been satisfied;

    (iii) There are no unpaid claims for contributions to employee benefit plans in accordance with section 507(a)(4) and sections 507(a)(5), (a)(6) and (a)(7) do not apply to this case; and

    (iv) The Plan complies with section 1129(a)(9) with regard to Claims for taxes subject to section 507(a)(8)(A).

  j. At least one Class of impaired Claims has accepted the Plan in compliance with section 1129(a)(10);

  k. The confirmation of the Plan is not likely to be followed by the liquidation of, or the need for further financial reorganization by, the Debtors or any successor to the Debtors under the Plan, except when such liquidation has been proposed under the Plan in compliance with section 1129(a)(11). The Plan is feasible;

  l. The Plan provides for the payment of all fees pursuant to 28 U.S.C., section 1930 upon the effective date of the Plan in compliance with section 1129(a)(12); and

  m. The provisions of section 1129(a)(13) are not applicable to the Debtors.

  n. The Plan provides for the payment of Jones' alimony obligation in compliance with section 1129(a)(14);

  o. The provisions of section 1129(a)(15) are not applicable to the Debtors.

## CONCLUSIONS OF LAW

  24. The Court has jurisdiction over this case pursuant to 28 U.S.C., section 1334. This case and all related matters have been referred to the Court pursuant to 28 U.S.C., section 157(b). The confirmation of the Plan constitutes a "core" proceeding pursuant to section 157(b)(2)(A), (L) and (O).

  25. The Debtors have given notice of the filing of the Plan, the deadline for objections to the Plan, and the date and time of the Confirmation Hearing. The Court finds that such notice is sufficient and proper notice to Creditors of the Debtors.

  26. The Plan satisfies the requirements of section 1123.

  27. The Plan complies with the requirements of section 1129(a).

28. The Plan meets all requirements of Title 11 for confirmation and should be confirmed and approved.

29. Pursuant to 1141(d)(3), Five Star will not be granted a discharge. However, the Five Star Assets are discharged in accordance with paragraph 13.1 of the Plan. The lack of discharge in favor of Five Star notwithstanding, no Person may assert any right, title, claim or interest against the Five Star Assets except as expressly set forth in the Plan or this Order.

30. Based on the fact that the equity interests in Five Star (Five Star Class 8) is cancelled pursuant to the Plan, the Plan does not violate the absolute priority rule.

31. The above findings of fact shall constitute conclusions of law and vice versa.

### END OF ORDER ###

L:\BFORSHEY\FIVE STAR FOODS-1575\Five Star 2004\Findings of Fact 3 7 07.doc